Lauren S. Wulfe (SBN 287592)
Lauren.Wulfe@arnoldporter.com
Kristina Iliopoulos (SBN 341548)
Kristina.Iliopoulos@arnoldporter.com
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, Forty-Fourth Floor
Los Angeles, California 90017
Telephone:  213-243-4000
Facsimile:  213-243-4199

Attorneys for Defendant ALTRIA GROUP, INC.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No.: 2:23-cv-5538 |
| | **ALTRIA GROUP, INC.'S NOTICE OF REMOVAL** |
| *Warner Unified School District*, | |
| Plaintiff, | |
| v. | |
| *JUUL LABS, INC., f/k/a PAX LABS, INC. and PLOOM INC; ALTRIA GROUP INC.; PHILIP MORRIS USA INC.; ALTRIA CLIENT SERVICES LLC; ALTRIA GROUP DISTRIBUTION COMPANY, and DOES 1-100,* | |
| Defendants. | |

ALTRIA GROUP, INC.'S NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Altria Group, Inc. ("Altria Group") hereby gives notice of removal of this action, captioned *Warner Unified School District v. JUUL Labs, Inc. et al.*, Case No. 37-2020-00028674-CU-TT-CTL, from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California on the following grounds:

## BACKGROUND

### I.    THIS ACTION

1.    Plaintiff Warner Unified School District ("Plaintiff"), originally filed this action on August 14, 2020 in the Superior Court of the State of California, San Diego County against Defendant JUUL Labs Inc. ("JLI"). This action was subsequently transferred to the Superior Court of the State of California, County of Los Angeles. Neither Altria Group nor any of its subsidiaries was named as a defendant in that complaint.  The original complaint alleged only state causes of action, was not removable, and remained in the state court.

2.    The case was added to a California Judicial Council Coordination Proceeding ("JCCP") designated as JCCP No. 5052.

3.    On July 27, 2022, Plaintiff filed an Amended Complaint ("FAC") that added Altria Group as a party to the action.  The Amended Complaint also added as defendants several Altria Group subsidiaries:  Philip Morris USA Inc., Altria Client Services LLC, and Altria Group Distribution Company.  *See* FAC ¶¶ 25-31.  [Ex. 1]. Plaintiff's Amended Complaint alleged only state causes of action, was not removable, and remained in the state court.

4.    On July 3, 2023, pursuant to stipulation by the Parties as approved by the court presiding over JCCP No. 5052, Plaintiff's Second Amended Complaint ("Am. Compl.") was deemed filed and served.  Plaintiff's Second Amended Complaint added a new cause of action under federal law for violation of 18 U.S.C. § 1962(c) ("RICO").

ALTRIA GROUP INC.'S NOTICE OF REMOVAL

*See* Am. Compl. ¶¶ 752-881 [Ex. 1]. This notice is timely filed under 28 U.S.C. § 1446(b).[1]

5.    The Second Amended Complaint also asserts causes of action for public nuisance and negligence under state law. *See, e.g.*, Am. Compl. ¶¶ 726-751, 882-906 [Ex. 1].

6.    Removal is proper pursuant to 28 U.S.C. § 1331 because this Court has subject matter jurisdiction over federal questions.

**II.    ONGOING MULTIDISTRICT PROCEEDINGS**

7.    On October 2, 2019, the Judicial Panel on Multidistrict Litigation ("JPML") issued a Transfer Order that transferred lawsuits concerning the development, manufacture, labeling, marketing, and alleged risks of products manufactured by JLI to the Northern District of California for assignment to the Honorable William H. Orrick III for coordinated and consolidated pretrial proceedings. Transfer Order, *In re: JUUL Labs, Inc., Mktg., Sales Practices, and Products Liab. Litig.*, MDL No. 2913 (J.P.M.L. Oct. 2, 2019), ECF No. 144.

8.    Hundreds of actions raising factual issues similar to those raised in this case have already been transferred by the JPML to MDL No. 2913 from courts around the country, and thousands of additional cases have been filed directly in the MDL.

---

[1] Plaintiff initially filed and served its Second Amended Complaint on March 13, 2023. However, because plaintiff had already amended its original complaint once as a matter of right, Plaintiff was required to seek leave of court prior to filing for its Second Amended Complaint to be operative. *See Hodges v. Cnty. of Placer*, 41 Cal. App. 5th 537, 544 (2019) ("Because plaintiff already amended his original complaint as a matter of right, the trial court correctly struck his third amended complaint as filed without leave of court."); *Hedwall v. PCMV. LLC* (2018) 22 Cal. App. 5th 564, 578-579 (right to amend applies only to original pleading); Cal. Civ. Proc. Code § 472(a) ("A party may amend its pleading **once without leave of court** . . ." emphasis added). The earlier date is therefore inapplicable for purposes of the removal deadline. *See Hekmat v. Kohler Co.*, 2009 WL 10673220, at *2 (C.D. Cal. 2009) ("courts have consistently held that if a state court complaint does not disclose a grounds for removal and the plaintiff later seeks to file an amended complaint that would provide federal jurisdiction, a defendant cannot remove the case to federal court until after the state court grants the plaintiff leave to file the amended complaint).

ALTRIA GROUP INC.'S NOTICE OF REMOVAL

These actions include cases brought by governmental entities and school districts, like plaintiff here.

9.     In view of the substantial factual overlap between this action and the thousands of actions that have already been transferred and consolidated, Altria Group intends to notify the JPML that this is another "tag-along" action that should be transferred to the Northern District of California for inclusion and coordination with MDL No. 2913.

## VENUE AND JURISDICTION

### I.     VENUE

10.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391, 1441(a), and 1446(a) because the Superior Court of the State of California, County of Los Angeles, where the complaint was filed, is a state court within the Central District of California, Central Division.

### II.     THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331

11.     Removal is proper pursuant to 28 U.S.C. § 1331, and, accordingly, is removable under 28 U.S.C. § 1441(a), because this Court has subject matter jurisdiction over federal questions and Plaintiff's claims raise a substantial question of federal law.

12.     Plaintiff's second cause of action alleges violations under the RICO statute, 18 U.S.C. § 1962(c). *See* Am. Compl. ¶¶ 752-881 [Ex. 1]. It is well established that a RICO claim "is one 'arising under the laws of the United States' [and] falls within the district court's original jurisdiction and is thus removable pursuant to section 1441(a)." *Emrich v. Touche Ross & Co.*, 846 F. 2d 1190, 1196 (9th Cir. 1988); *see also, Fox v. HCA Holdings, Inc.*, 2015 WL 6744565 at *6 (N.D. Cal. Nov. 4, 2015) (observing, "[t]he Court has subject matter jurisdiction over RICO claims. *See* 28

- 4 -                          Case No.  2:23-cv-5538
ALTRIA GROUP INC.'S NOTICE OF REMOVAL

U.S.C. § 1331; 18 U.S.C. § 1964(a).").  It is apparent from the face of the complaint that Plaintiff asserts a claim under federal law pursuant to 18 U.S.C. § 1962(c).

13.   Additionally, this Court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367, as Plaintiff's allegations arise from and are part of the same case or controversy as the federal question.  A district court exercises supplemental jurisdiction "over all other claims that are so related to claims in the action within such original jurisdiction that they form the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).

14.   Accordingly, this Court has original jurisdiction over the civil RICO claims under 28 U.S.C. § 1331 and has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, and may remove this matter under 28 U.S.C. § 1441(a) and (c).

## III.   THE ADDITIONAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

15.   This removal is timely in that it is being filed within 30 days after service. *See* 28 U.S.C. §1446(b).

16.   All Defendants consent to removal of this action.

17.   As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the underlying state court action are attached hereto as Exhibits 1 and 2. Exhibit 1 includes a copy of the docket, summons, complaint, and other documents specific to *Warner Unified School District v. JUUL Labs, Inc. et al*. Exhibit 2 includes Case Management Orders, Pro Hac Vice papers, and other documents filed in JCCP 5052.

18.   Pursuant to 28 U.S.C. § 1446(d), Altria Group will give written notice of the filing of this Notice of Removal to all parties of record in this matter and will file a copy of this Notice with the clerk of the state court in which this action was filed.

19.   By filing this Notice of Removal, Altria Group does not waive, and hereby expressly reserves, any and all objections to venue, personal jurisdiction, the

sufficiency of service of process, the legal sufficiency of the claims alleged in the plaintiff's complaint, and all other objections and defenses. Altria Group further reserves the right to supplement and amend this Notice.

### CONCLUSION

WHEREFORE, having met all conditions of removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Altria Group hereby removes this action from the Superior Court of the State of California, County of Los Angeles, to this Court, and respectfully requests that no further proceedings be had in state court.

Dated:  July 11, 2023                          ARNOLD & PORTER KAYE SCHOLER LLP


By:  /s/ *Kristina Iliopoulos*
     Kristina Iliopoulos (SBN 341548)
     Lauren S. Wulfe (SBN 287592)


Attorneys for Defendant ALTRIA GROUP, INC.